**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ROBERT J. WAGONER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-892 PPS |
| | ) |
| ELKHART COUNTY CORRECTIONAL | ) |
| CENTER, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Robert J. Wagoner, a prisoner without a lawyer, filed a complaint against Elkhart County Correctional Center. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Wagoner complains that the correctional facility is gouging prices for commissary goods, including food, hygiene items, reading glasses, and blankets. The Eighth

Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). Without more, not having access to commissary does not rise to the level of the types of harsh conditions that can be considered denying "the minimal civilized measure of life's necessities." *See Brown v. Gulash*, 2009 WL 2144592, at *5 (S.D. Ill. July 16, 2009) (holding that there is no constitutional right to purchase commissary goods); *Robinson v. Ill. State Corr. Ctr. (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill. 1995) (holding that being denied commissary privilges does not implicate the "minimal civilized measure of life's necessities"). It follows that not having access to commissary goods at certain prices also does not deprive an individual of life's necessities. *See Owens v. Dir. IDOC*, 2016 WL 2957938, at *2 (S.D. Ill. May 23, 2016) (holding that high prices for commissary goods does not violate the Constitution); *Henry v. Blagojevich*, 2010 WL 2680531, at *2 (N.D. Ill. June 30, 2010) (same). Wagoner does not state – nor is it plausible to infer from his complaint – that he has been denied any of life's necessities. Accordingly, Wagoner fails to state a plausible Eighth Amendment claim.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint ... that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted."

*Carpenter v. PNC Bank, Nat. Ass'n*, 633 F. App'x 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

**ACCORDINGLY:**

For these reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief can be granted.

**ENTERED**: December 4, 2017

                                                  _/s/ Philip P. Simon_____
                                                  Judge
                                                  United States District Court